IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANDREW FROST, ) | |
| ) | Civil Action |
| Plaintiff, ) | No. |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| ABDOU ENTERPRISES, L.L.C., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Andrew Frost, by and through undersigned counsel, and files this Complaint for Damages against Defendant Abdou Enterprises, L.L.C. ("Defendant"), and states as follows:

### JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Cindy Abdou, 5052 Audley Lane, Peachtree Corners, Georgia 30092.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue" on October 21, 2021, entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## **FACTUAL ALLEGATIONS**

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA").

8.

Plaintiff began working for Defendant on March 1, 2021, as a driver.

9.

Plaintiff suffers from a disability, within the meaning of the ADA, of which Defendant had actual knowledge. In particular, Plaintiff suffers from diverticulitis.

10.

On or around July 26, 2021, Plaintiff was suffering from his disability at work.

11.

Plaintiff's boss, Joey Abdou, called an ambulance and Plaintiff was hospitalized for several days due to his disability.

12.

Or or around July 29, 2021, Plaintiff was released from the hospital.

13.

On his way home from the hospital, Plaintiff stopped by Defendant's restaurant and gave the Assistant Manager, Alex Ankirskiy, a doctor's note fully releasing Plaintiff to return to work.

14.

On or around July 30, 2021, Plaintiff called Mr. Abdou and asked when he could return to work. Mr. Abdou responded that he was concerned about Plaintiff's health and needed to speak with his lawyer about it.

15.

Plaintiff then told Mr. Abdou that he was fully released to work by his doctor and had no issues completing his work. Mr. Abdou acknowledged that he had received the doctor's note fully releasing Plaintiff to work, but would not put Plaintiff back on the schedule.

16.

On or around August 3, 2021, Mr. Frost's employment was terminated.

17.

Plaintiff was and remains able to perform the essential job functions of the job for which he was hired, with or without a reasonable accommodation.

18.

Defendant terminated Plaintiff because of his disability or perceived disability.

19.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of his disability.

20.

Plaintiff has suffered lost wages and emotional distress as a direct result of Defendant's unlawful actions.

## CLAIMS FOR RELIEF

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA DISCRIMINATION)

21.

Plaintiff repeats and re-alleges paragraphs 7-20 as if set forth fully herein.

22.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

23.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

24.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

25.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

26.

Plaintiff's disability was a determinative factor in Defendant's decision to terminate Plaintiff.

27.

At all times relevant, Plaintiff could perform the essential functions of his position, with or without a reasonable accommodation.

28.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

29.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disability, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

30.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

31.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

32.

Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)	Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)	All other relief to which he may be entitled.

This 22nd day of November, 2021.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
Severin@justiceatwork.com